# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL NANNIS,

    Plaintiff(s),

v.

SB GAMING LLC, et al.,

    Defendant(s).

Case No.: 2:19-cv-01894-JAD-NJK

**ORDER**

(Docket No. 14)

    Pending before the Court is the parties' stipulation to permit the parties to file documents under seal. Docket No. 14. The parties submit that "[g]ood cause and compelling reasons justify filing [under seal all documents subject to the Stipulated Confidentiality Agreement and Protective Order attached as Exhibit A] because th[o]se documents are within the State Court record and filed under seal pursuant to the order of the State Court." *Id.* at 1, 2.

    The Ninth Circuit has made clear that the fact that a court has entered a blanket stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Instead, a party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and with Local Rule IA 10-5(a). The fact that another court has allowed the filing of certain documents under seal does not indicate that the parties have complied with the relevant federal

rules and caselaw. In fact, the parties' confidentiality order from the state indicates that no court has made a determination that the relevant documents are appropriately under seal.

Accordingly, the parties' stipulation is **DENIED**. Docket No. 14.

IT IS SO ORDERED.

Dated: March 24, 2020

Nancy J. Koppe
United States Magistrate Judge