UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Michael Nannis, | Case No.: 2:19-cv-01894-JAD-NJK |
|---|---|
| Plaintiff | |
| v. | **Order Overruling Defendants' Objection to the Magistrate Judge's Order** |
| SB Gaming, LLC, et al., | [ECF No. 23] |
| Defendants | |

Michael Nannis sues SB Gaming, LLC; Las Vegas Resort Holdings, LLC; and various individuals for false imprisonment, assault, battery, defamation, and negligence for detaining him after he allegedly threatened to "blow up" the Sahara Las Vegas Casino.[1] Las Vegas Resort Holdings produced surveillance videos and manuals in discovery under the auspices of a protective order. The defendants then sought to have that evidence sealed three separate times, despite not yet having an opportunity to introduce it into the record.[2] Denying each request, Magistrate Judge Nancy Koppe found that the sealing requests were "unripe" because Ninth Circuit law and this court's local rules permit the sealing of evidence only when it is attached to a substantive motion.[3] The defendants object to this order,[4] but Judge Koppe is correct: there is no basis to seal evidence that has not yet been filed. So I overrule their objection.

**Discussion**

Under 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge "to hear and determine any pretrial matter"—including motions to seal and excluding certain

---

[1] ECF No. 1-1 (complaint); ECF No. 23 at 1.
[2] ECF Nos. 14, 16, 18.
[3] ECF Nos. 15, 17, 20.
[4] ECF No. 23.

dispositive motions—"pending before the court."[5]  A judge may reconsider any pretrial matter under this section when it has been shown that the magistrate judge's order "is clearly erroneous or contrary to law."[6]  A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed."[7]  An order is contrary to law when it fails to apply or misapplies relevant statutes, cases, or procedural rules.[8]

      The defendants' objection is meritless.  It is axiomatic that a court "has supervisory power over its own records and files" and that it may order the sealing of files, so long as those files are lodged with the court.[9]  In *Kamakana v. City and County of Honolulu*, the Ninth Circuit drew a distinction between "judicial records attached to dispositive motions" and "records attached to non-dispositive motions," requiring sealing parties to make a showing of "compelling reasons" or "good cause" based on the underlying motion.[10]  But where the records sought to be sealed are not yet attached to a dispositive motion, a motion to seal is premature.

      The precedent that the defendants cite only reinforces this precept.  Contrary to the defendants' assertions otherwise, the Ninth Circuit did not hold in *Oliner v. Kontrabecki* that "private materials unearthed during discovery" may be sealed before being filed with the court.[11]

---

[5] 28 U.S.C. § 636(b)(1)(A); *Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation."); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (noting that courts have "broad discretion" to "permit or deny discovery").

[6] 28 U.S.C. § 636(b)(1)(A).

[7] *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993); *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[8] *C.f.*, *Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

[9] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589 (1978).

[10] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

[11] *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) (quoting *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (reasoning that protective orders govern

It merely determined that the "good cause" standard for sealing might apply to certain "private materials"—if and when those materials are made part of the court's record.[12] So too in *Mehr v. County of Orange*, which upheld sanctions for a party that sought to file documents subject to a protective order without first filing them under seal.[13] This is not to say that the defendants cannot move to seal documents that they or plaintiffs file in this action. But they must wait to move to seal until after those documents are attached to a motion—dispositive or otherwise.

## Conclusion

IT IS THEREFORE ORDERED that the defendants' objection to Judge Koppe's Order **[ECF No. 23] is OVERRULED.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: March 18, 2021

---

documents not yet filed with the court, while a motion to seal is appropriate for evidence attached to motions filed with the court)) (internal quotation marks omitted).

[12] *Id.*

[13] *Mehr v. Cnty. of Orange*, 484 F. App'x 162, 163–64 (9th Cir. 2012) (unpublished).